THE BOROUGH OF TOTOWA, RESPONDENT, v. THE STATE
BOARD OF TAXES AND ASSESSMENT ET AL., APPEL-
LANTS.

Submitted December 9, 1918—Decided February 6, 1919.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"The borough of Totowa levied an assessment for taxes to
the extent of $35,000 on the property of the Mausoleum Build-
ers of New Jersey, which the county board of taxes canceled,
and on appeal to the state board it affirmed the cancellation
notwithstanding that the Court of Errors and Appeals of this
state had declared that this identical property was subject to
taxation. The ground upon which the state board rests its
action is a statute of 1916, page 477, which provides, section
6, that 'All mausoleums, vaults, crypts or structures intended
to hold or to contain the bodies of the dead, now erected or
which may hereafter be erected and located within any duly
authorized cemetery organized in accordance with the laws of
the State of New Jersey, shall be exempt from taxation in
like manner as such cemeteries are now exempt by law.'

"The state board conceding that the act is unconstitutional
so far as it confers immunity from taxation, said it was bound
by its language, and therefore affirmed the action of the county
board. It is our opinion that granting the act to be constitu-
tional it does not apply to lands purchased by a corporation
not a cemetery association, and that the decision of the Court
of Errors and Appeals has not been affected by this new leg-
islation. But aside from this the paragraph of the law ex-
empting from taxation this property, is manifestly unconsti-
tutional. Its title is 'An act to prescribe the conditions and
restrictions under which public vaults, crypts or mausoleums
for the interment of human bodies are constructed, and fixing
penalties for failure to comply therewith.'

"The section of the act which is intended to exempt from taxation is in no way germane to the subject to which the title of the act refers, which is limited to the manner of construction and penalties for failure to comply therewith, and gives no sort of intimation that exemption from taxation was the subject of the act, and the exempting paragraph has no more place there than would a charter for a railroad company.

"The order of the county board and of the state board should be set aside, and the original assessment affirmed."

For the appellant, *Michael Dunn.*

For the respondent, *Walter E. Hudson.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 11.

*For reversal*—None.